UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Civil No. 10-CV-1723-JLS |
|---|---|
| Plaintiff/Respondent, | ) Criminal No. 10-CR-0496-JLS |
| | ) **ORDER:** |
| v. | ) |
| | ) **1) DISMISSING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255;** |
| FABIAN BENITEZ-SANTANA, | ) |
| Defendant/Petitioner. | ) **2) DENYING CERTIFICATE OF APPEALABILITY; and** |
| | ) **3) DENYING PETITIONER'S MOTION FOR RELEASE ON BOND** |

On August 17, 2010, Petitioner Fabian Benitez-Santana filed a motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. The Court has reviewed the record in this case and, for the reasons set forth below, will dismiss Petitioner's motion.

**BACKGROUND**

Petitioner Fabian Benitez-Santana was charged in a single-count information with being a deported alien found in the United States in violation of 8 U.S.C. § 1326. On March 4, 2010, Petitioner entered a plea agreement and pled guilty to the information. In exchange for Petitioner's guilty plea, Petitioner agreed to waive the right to appeal or to collaterally attack the plea, conviction, or sentence unless the Court imposed a sentence above the greater of the high

end of the guideline range recommended by the Government pursuant to the plea agreement, or the statutory mandatory minimum term, if applicable. (Plea Agreement at 3, ¶11.) The plea agreement set forth stipulated Sentencing Guideline calculations resulting in a total offense level of 19, and provided that the Government would recommend a sentence at the low end of the range for that level.

Petitioner was sentenced by this Court on March 19, 2010. The Court followed the calculations set forth in the plea agreement and found a total offense level of 19, which at a criminal history category II, resulted in a guideline sentencing range of 33 to 41 months. The Government complied with its obligations under the plea agreement and recommended a sentence at the low end of the range. The Court followed the Government's recommendation and imposed a sentence of 33 months' imprisonment.

## ANALYSIS

Petitioner contends that the sentence imposed by this Court is illegal because: 1) this Court abused its discretion by failing to measure the seriousness of Petitioner's prior conviction when it applied U.S. Sentencing Guideline Section 2L1.2 to enhance Petitioner's sentence; 2) Petitioner was denied effective assistance of counsel when counsel failed to request a downward departure for Fast Track; and 3) trial counsel was ineffective by failing to advise Petitioner of the risk of deportation before entering the plea of guilty.

Because Petitioner entered a plea agreement containing a waiver of the right to collaterally attack his sentence, the Court must initially determine whether the waiver is valid. If it is, this Court lacks jurisdiction to consider Petitioner's collateral challenges to his sentence. *See Washington v. Lampert*, 422 F.3d. 864, 871 (9th Cir. 2005) (recognizing that if sentencing agreement's waiver of the right to file a federal habeas petition under 28 U.S.C. § 2254 was valid, district court lacked jurisdiction to hear the case). The sole test of a waiver's validity is whether it was made knowingly and voluntarily. *United States v. Anglin*, 215 F.3d 1064, 1068 (9th Cir. 2000).

The Court has independently reviewed the record, which reveals that the plea agreement, including the waiver of the right to appeal and collateral attack, was entered knowingly and

voluntarily. It is undisputed that the plea agreement contains a waiver of collateral attack. The plea agreement also contains a provision certifying that Petitioner read the agreement, discussed it with his attorney, and fully understood its meaning and effect. The plea agreement is initialed on each page and signed by Petitioner and, immediately above his signature, contains language confirming Petitioner's agreement with the "foregoing provisions."

Although Petitioner now contends that he was deprived of effective assistance of counsel, these allegations are flatly contradicted by the record. Petitioner contends that his attorney failed to provide competent assistance because he failed to seek a downward departure for Fast Track and failed to advise Petitioner of the risk of deportation resulting from the plea. However, trial counsel *did* seek, and was granted, a downward departure for Fast Track – the departure was set forth in the parties' joint guideline recommendations in the plea agreement and was granted by the Court when it adopted those recommendations. With respect to the risk of deportation, the plea agreement plainly sets forth a stipulated removal provision providing that "Defendant agrees to an order of removal from the United States entered by the Executive Office for Immigration Review or authorized Department of Homeland Security official." *Id.* at 10. Therefore, any suggestion that Petitioner was not aware that he would be removed from the United States as a result of the conviction is disingenuous at best.

Based upon this record, the Court finds Petitioner's claims of ineffective assistance of counsel to be baseless. Accordingly, the Court finds that Petitioner knowingly and voluntarily entered the plea agreement, and thus has waived his right to collaterally attack his conviction.

## CONCLUSION

Having carefully considered Petitioner's claims in view of the case files and records, the Court finds the record sufficiently developed to conclusively show that Petitioner is entitled to no relief. The Court finds that Petitioner has waived his right to collaterally challenge his conviction and sentence in this matter. Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED**.

Additionally, the Court **DENIES** Petitioner a certificate of appealability, as Petitioner has not made a substantial showing that he has been denied a constitutional right. *See* 28 U.S.C. §

2253(c) (providing that a certificate shall issue "only if the applicant has made a substantial showing of a denial of a constitutional right"). Finally, Petitioner's Motion for Release on Bond (Doc. No. 25) is **DENIED**.

**IT IS SO ORDERED**.

DATED: July 29, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge